[Cite as *State v. Rinehart*, 2018-Ohio-1261.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 17CA3606 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| PAUL E. RINEHART, | : | |
| Defendant-Appellant. | : | **RELEASED: 03/29/2018** |

<u>APPEARANCES</u>:

Paul E. Rinehart, London, Ohio, pro se.

Matthew S. Schmidt, Ross County Prosecuting Attorney, Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.

Harsha, J.

{¶1}     Paul E. Rinehart appeals the trial court's denial of his motion to correct an illegal sentence. Rinehart contends that his 2007 sentence is void because the trial court made judicial fact findings in violation of *State v. Foster, infra.*

{¶2}     We reject Rinehart's contention because even if his argument had merit, his sentence would be "voidable," not "void." Therefore he should have made his challenge within the time period governing postconviction petitions or he must demonstrate the existence of facts necessary for the trial court to exercise jurisdiction over the merits of his untimely claim. His petition failed to do either. Consequently, we affirm the judgment of the trial court as modified to reflect the dismissal of his petition.

## I. FACTS

{¶3}     After a jury convicted Rinehart in 2007, the trial court sentenced him to a term of life with possibility of parole in 25 years for aggravated murder, three years for

the gun specification, and three years for tampering with evidence, all sentences to run consecutively for a total of 31 years to life. Rinehart appealed and we affirmed the judgment. *See State v. Rinehart*, 4th Dist. Ross No. 07CA2983, 2008-Ohio-5770.

**{¶4}** In 2017 Rinehart filed a Motion to Correct an Illegal Sentence, which contended that the sentences were illegal because they "exceeded the statutorily defined penalties established in R.C. 2929.14(E)(4)." However, his memorandum in support provided no argument or factual basis for this contention. Instead Rinehart argued that his sentence was void because the trial court made judicial fact findings in violation of *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The trial court reviewed the sentences imposed, found them to be within the statutory ranges allowed, and overruled Rinehart's motion.

## II. ASSIGNMENT OF ERROR

**{¶5}** Rinehart assigns the following error for our review:

THE TRIAL COURT ERRORED [SIC] OVERRULING APPELLANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE WHEN THE SENTENCE IS VOID.

## III. LAW AND ANALYSIS

### A. Standard of Review

**{¶6}** Rinehart challenged his felony sentence on the ground that it was void because it violated *Foster* (addressing Sixth Amendment protections), and he sought a new sentence. Courts may recast irregular motions into whatever category they deem necessary to identify and establish the criteria by which they should judge the motion. *State v. Burkes,* 4th Dist. Scioto No. 13CA3582, 2014–Ohio–3311, ¶ 11, citing *State v. Schlee*, 117 Ohio St.3d 153, 2008–Ohio–545, 882 N.E.2d 431, ¶ 12. In *State v. Reynolds*, 79 Ohio St.3d 158, 160, 773 N.E.2d 1131 (1997), the Supreme Court of Ohio

held that a motion styled as a "Motion to Correct or Vacate Sentence" met the definition of a petition for postconviction relief pursuant to R.C. 2953.21(A)(1) because it was "(1) filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *See also Schlee* at ¶ 12. For purposes of determining the standard of review for his appeal, we deem Rinehart's motion a postconviction relief petition because it fits within the outline in *Reynolds*.

{¶7}    Generally we review decisions granting or denying a postconviction relief petition filed pursuant to R.C. 2953.21 under an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58. In *Gondor* the Court recognized that the differences between a direct appeal and an appeal from a postconviction relief petition warranted different appellate standards of review. *Id.* at ¶53-54. The Court stated, "A postconviction claim is not an ordinary appeal: 'A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment.' " *Id.* at ¶ 48, quoting *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). The holding in *Gondor* appears to broadly apply to all appellate postconviction petition review: "We hold that a trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *Id.* at ¶ 58.

{¶8}    There is nothing in the language of R.C. 2953.08 or *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 that extends the standard of review

set forth in R.C. 2953.08 to postconviction relief sentencing challenges brought under R.C. 2953.21, et seq. However, since *Marcum* we have applied the standard of review in R.C. 2953.08(G)(2) to reviews of postconviction relief petitions and other irregular postconviction motions challenging felony sentences even though they are not governed by R.C. 2953.08 and fall outside the context of a direct appeal. *See State v. Pulliam,* 4th Dist. Scioto No. 16CA3759, 2017-Ohio-127, ¶6; *State v. Berecz*, 4th Dist. Washington No. 16CA15, 2017-Ohio-266, ¶ 11; *State v. Hamilton*, 4th Dist. Hocking No. 16CA17, 2017-Ohio-1294, ¶ 9; *State v. Brigner*, 4th Dist. Athens No. 17CA3, 2017-Ohio-5538, ¶ 7; *State v. Craft*, 4th Dist. Vinton No. 16CA704, 2017-Ohio-9359.

{¶9}    Other appellate districts have continued to apply an abuse of discretion standard to felony sentencing challenges brought under the postconviction relief statute or have declined to extend the *Marcum* standard of review beyond its statutory scope. *See State v. Berryman,* 2nd Dist. Montgomery No. 26852, 2016-Ohio-3353, ¶ 13-15 (postconviction felony sentence challenge was reviewed under an abuse of discretion standard); *State v. Jones*, 10th Dist. Franklin Nos. 17AP-25 to 17AP-27, 17AP-29, 2017-Ohio-5533, ¶ 5 (motion to correct felony sentence as contrary to law was treated as a petition for postconviction relief and appellate court applied an abuse of discretion standard of review); *State v. Lawwill*, 12th Dist. Warren No. CA2017-03-027, 2017-Ohio-8432, ¶ 16 (motion to correct an illegal felony sentence treated as a postconviction relief petition and reviewed under the abuse of discretion standard); *State v. Hale,* 8th Dist. Cuyahoga No. 103654, 2016-Ohio-5837, ¶ 10 (postconviction relief petition that included felony sentencing challenge among other issues was reviewed under abuse of discretion standard); *State v. Thompson,* 3rd Dist. Crawford Nos. 3-16-01,3-16-12,

2016-Ohio-8401, ¶ 11, fn. 5 (declining to extend *Marcum* standard of review to appellate review of trial court's judicial release decision: "Thompson urges this court to apply the standard of review in *State v. Marcum* to the reimposition of the remainder of a defendant's original sentence under R.C. 2929.20(K) after he violates the conditions of his judicial release. * * * Because Thompson was granted judicial release, the *Marcum* standard of review is not the appropriate standard of review for the issues presented in Thompson's second and first assignments of error. Instead, R.C. 2929.20 controls and we will address his argument accordingly.").

{¶10} Therefore, upon reflection the correct standard of review for felony sentencing challenges in a postconviction relief petition – not direct appeal – is the "abuse of discretion" established in *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58. "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58; *State v. Black*, 4th Dist. Ross No. 15CA3509, 2016-Ohio-3104, ¶ 7. "A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable." *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014–Ohio–308, ¶ 19, citing *Cullen v. State Farm Mut. Auto Ins. Co.*, 137 Ohio St.3d 373, 2013–Ohio–4733, 999 N.E.2d 614, ¶ 19.

### B. *Foster* Judicial Fact Findings

{¶11} Rinehart contends that the trial court erred in overruling his motion because the trial judge at the sentencing hearing made remarks that Rinehart argues

are "judicial fact findings." Rinehart argues that these "judicial fact findings" were made in support of maximum, consecutive sentences in violation of *Foster* and therefore his sentence is void. Rinehart does not contest the trial court's determination that his sentences fell within the allowed statutory ranges.

**{¶12}** Assuming *arguendo* that the trial court comments constituted improper "judicial fact findings," Rinehart's sentence would not be "void" but only "voidable." *See State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27-30, citing *Washington v. Recuenco*, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 ("sentences imposed after judicial fact-finding and falling within the statutory range are voidable" – not void – and *Foster* constitutional errors are not structural; the failure to object at trial forfeits all but plain error on direct appeal.).

**{¶13}** Reinhart's felony sentencing claim, even if meritorious, would only render his sentence "voidable" rather than "void." Therefore he should have made this challenge within the period governing postconviction relief petitions.  R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." Reinhart's petition was untimely because it was filed ten years after the expiration of this 365–day period. *See, e.g., State v. Heid*, 4th Dist. Scioto No. 15CA3710, 2016–Ohio–2756, ¶ 15.

**{¶14}** R.C. 2953.23(A)(1) authorizes a trial court to address the merits of an untimely filed petition for postconviction relief only if: (1) the petitioner shows either that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief or that the United States Supreme Court recognized a new

federal or state right that applies retroactively to him; and (2) the petitioner shows by clear and convincing evidence that no reasonable factfinder would have found him guilty but for constitutional error at trial.

**{¶15}** Reinhart does not contend that the United States Supreme Court recognized a new right that applied retroactively to him, nor did he prove that he was unavoidably prevent from the discovery of pertinent facts. Therefore Reinhart did not establish that the trial court had the authority to address the merits of his untimely petition for postconviction relief. In the absence of jurisdiction, the trial court should have dismissed the petition, rather than denying it on the merits. Upon authority of App.R. 12(A)(1)(a), we modify the trial court's judgment to reflect the dismissal of the petition, and we affirm the judgment of the trial court as modified. *See State v. McManaway*, 4th Dist. Hocking No. 16CA8, 2016–Ohio–7470, ¶ 19, citing *State v. Brewer*, 2d Dist. Montgomery No. 24910, 2012–Ohio–5406, ¶ 10; *State v. Griffin*, 1st Dist. Hamilton Nos. C–150258 and 150005, 2016–Ohio–782, ¶ 13.

## IV. CONCLUSION

**{¶16}** Rinehart was not entitled to the relief requested in his motion to correct his sentence. His sentencing challenge, if meritorious, would render his sentence voidable, not void. Therefore the trial court lacked jurisdiction and should have dismissed his petition as untimely.  Having overruled the assignment of error, we affirm the trial court's judgment, as modified.

JUDGMENT AFFIRMED AS MODIFIED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED AS MODIFIED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & McFarland, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
      William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**