[Cite as *State v. Vance*, 2018-Ohio-4479.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :       Case No.   17CA9

    vs.                                 :

LEWIS VANCE,                            :       DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

Lewis Vance, Caldwell, Ohio, pro se.

Michael DeWine, Ohio Attorney General, and Christopher L. Kinsler, Assistant Ohio Attorney General, Columbus, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:10-29-18
ABELE, J.

{¶ 1} This is an appeal from a Jackson County Common Pleas Court judgment that denied a request for postconviction relief filed by Lewis Vance, defendant below and appellant herein. Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION BY NOT HOLDING A HEARING TO REVIEW VANCE'S POSTCONVICTION EVIDENTIARY HEARING REQUEST WITHIN THE JUDGMENT ENTRY FILED NOVEMBER 1, 2017 AND THE

ORDER DENYING HIS POSTCONVICTION BRIEF WITH FINDINGS OF FACTS AND CONCLUSIONS OF LAW ALSO FILED NOVEMBER 1, 2017 AND ALSO IN THE MAGISTRATES [SIC.] ORDER FROM OCTOBER 30, 2017."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY FAILING TO APPOINT APPELLANT VANCE COUNSEL FOR HIS POSTCONVICTION IN A CASE OF AGGRAVATED MURDER WHEN THE COURT RULED VANCE IS NOT ENTITLED TO THE APPOINTMENT OF COUNSEL FOR HIS HEARING OR APPEAL. FILED JANUARY 31, 2018"

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT DID NOT APPOINT EFFECTIVE TRIAL COUNSEL OR COUNSEL FOR HIS POSTCONVICTION TO PROPERLY DEFEND DEFENDANT-APPELLANT LEWIS VANCE IN PROCEEDINGS OF THE COURT TO SUPPORT HIS SELF-DEFENSE WITHIN THE HOME AND PROPERTY IN TRIAL COURT CASE NO. 14-CR-0118."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION BY NOT GRANTING APPELLANT VANCE HIS MOTION FOR DISCOVERY TO ALLOW HIM EVIDENCE NEEDED FOR THE POSTCONVICTION EVIDENTIARY HEARING HE REQUESTED AS OF JANUARY 31, 2018."

FIFTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT CONTINUED TO RULE WITH ADVERSE RULINGS, EVEN ERRONEOUS ONES."

{¶ 2} In 2016, a jury found appellant guilty of: (1) Count 1 aggravated murder R.C. 2903.01(D), (2) Count 2 murder R.C. 2903.02(A), (3) Count 3 murder R.C. 2903.02(B), (4) Count 4

felonious assault R.C. 2903.11(A)(1), (5) Count 5 felonious assault R.C. 2903.11(A)(2), and (6) Count 9 tampering with evidence R.C. 2921.12(A). The jury also found appellant not guilty of: (1) Count 6 kidnapping R.C. 2905.01(A)(4), (2) Count 7 abduction R.C. 2905.02(A)(2), (3) Count 8 attempted rape R.C. 2923.02(A)/2907.02(A)(2), (4) Count 10 abduction R.C. 2905.02(A)(2), and (5) Count 11 kidnapping R.C. 2905.01(B)(2). The trial court sentenced appellant to serve life in prison without parole on count one (aggravated murder), and thirty-six months on count 9 (tampering with evidence). The court further ordered that the sentences be served consecutively to one another. At that point, appellant filed a pro se Crim.R. 33 motion for new trial and argued that (1) irregularities existed in the court proceedings, including jury and prosecutorial misconduct, and (2) new evidence supported his self-defense claim. Appellant also filed a Crim.R. 29 motion for judgment of acquittal. On direct appeal, this court affirmed in part, reversed in part, and remanded the cause to the trial court to include findings, if appropriate, to support consecutive sentences.[1] While his appeal was pending, appellant also filed various pro se motions, including his March 18, 2017 pro se petition for postconviction relief and his June 30, 2017 pro se petition to vacate or set aside the judgment of conviction and motion for expert assistance (a forensic scientist). The trial court denied the postconviction relief petition and indicated that appellant did not attach materials to support his petition and that no substantive grounds for relief exists. In addition, on November 1, 2017, the trial court issued an entry that chronicled and denied all 21 of appellant's motions. The court determined that it either lacked jurisdiction to consider certain motions, certain motions did not set forth a request that the court could grant, or certain motions are nonsensical. Thus, the trial court denied the postconviction relief request and concluded that appellant is not entitled to relief as

---

[1] More extensive facts are set forth in *State v. Vance*, 4th Dist. Jackson No. 16CA11, 2018-Ohio-1313, ¶ 2-20.

provided in R.C. 2953.21. This appeal followed.

{¶ 3} The postconviction relief process is a collateral civil attack on a criminal judgment rather than an appeal of the judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). Postconviction relief is not a constitutional right; instead, it is a narrow remedy that gives the petitioner no more rights than those granted by statute. *Id.*; *State v. Betts*, 4th Dist. Vinton No. 18CA710, 2018-Ohio-2720, ¶ 11. This process is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record. *State v. McDougald,* 4th Dist. Scioto No. 16CA3736, 2016-Ohio-5080, ¶ 19-20, citing *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 18; *Betts*, *supra*. "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 390, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58; *State v. Black*, 4th Dist. Ross No. 15CA3509, 2016-Ohio-3104, ¶ 7. "A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable." *State v. Rinehart*, 4th Dist. Ross No. 17CA3606, 2018-Ohio-1261, ¶ 10, citing *State v. Knauff* at ¶ 19.

I.

{¶ 4} In his first assignment of error, appellant asserts that the trial court abused its discretion by failing to hold a hearing to consider appellant's postconviction relief request. Appellant appears to refer to his motion titled "Motion for Evidentiary Hearing Request; Supplemental of Record." The trial court denied this motion, inter alia, without a hearing by entry dated November 1, 2017.

{¶ 5} R.C. 2953.21(D) provides: "Before granting a hearing on a petition filed under division

(A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript."

{¶ 6} Because a motion for postconviction relief is not an appeal, but rather a collateral civil attack on a judgment, a criminal defendant who seeks to challenge a conviction through a petition for postconviction relief is not automatically entitled to a hearing. *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982); *Black* at ¶ 9, citing *Calhoun*, 86 Ohio St.3d at 282. Rather, before granting an evidentiary hearing on the petition, R.C. 2951.21(C) requires that a trial court find substantive grounds for relief. "Substantive grounds for relief exist and a hearing is warranted if the petitioner produces sufficient credible evidence that demonstrates the petitioner suffered a violation of the petitioner's constitutional rights." *In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 11. Furthermore, in order to merit a hearing, the petitioner must show that the claimed "errors resulted in prejudice." *Id.*, quoting *Calhoun* at 283; *Betts, supra.*

{¶ 7} In the case sub judice, the trial court denied all 21 pending pro se motions and denied appellant's petition for postconviction relief. The court wrote: "R.C. 2953.21(C) provides that prior to granting a hearing the Court shall determine if there are substantive grounds for relief. The Defendant has not attached materials in support of his petition. The Court has reviewed the entire file concerning this case. Based upon the review of the record, the Court finds that there are no substantive grounds for relief as set forth in the petition. The Defendant is not entitled to relief as provided in R.C. 2953.21. Therefore, the Court denies the petition."

{¶ 8} "[A} petitioner who does not submit *any* evidence will have necessarily failed to submit enough evidence to demonstrate substantive grounds for relief." *State v. Hicks*, 4th Dist. Highland No. 09CA15, 2010-Ohio-89, ¶ 17. Thus, in the case sub judice, the trial court did not abuse its discretion by dismissing appellant's petition for postconviction relief without conducting a hearing. Appellant did not submit evidence to demonstrate that he is entitled to relief.

## II.

{¶ 9} In his second assignment of error, appellant asserts that the trial court erred by failing to appoint counsel for his postconviction proceedings. However, "[A]n indigent petitioner has neither a state nor a federal constitutional right to be represented by an attorney in a postconviction proceeding." *State v. Crowder*, 60 Ohio St.3d 151, 152, 573 N.E.2d 652 (1982), citing *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Moreover, "appointed counsel is not required for the initial burden of preparing and presenting petitions for postconviction relief." *State v. Barnes*, 7 Ohio App.3d 83, 86, 454 N.E.2d 572 (1982). If a court finds that a petitioner's allegations do not merit an evidentiary hearing, that petitioner is not entitled to the appointment of counsel. *State v. Slagle*, 4th Dist. Highland No. 11CA22, 2012-Ohio-1936, ¶ 22.

{¶ 10} Consequently, because the trial court did not abuse its discretion by dismissing appellant's petition without a hearing, appellant was not entitled to counsel. We therefore overrule appellant's second assignment of error.

## III.

{¶ 11} In his third assignment of error, appellant asserts that the trial court erred when it "did not appoint effective trial counsel or counsel for his postconviction to properly defend" appellant "in

proceedings of the court to support his self-defense within the home and property in trial court." As we held above, however, appellant is not, at this juncture, entitled to the appointment of counsel for his postconviction proceedings. With regard to his claim that he did not receive effective assistance of trial counsel, the doctrine of res judicata bars this issue from consideration. Res judicata applies to proceedings involving postconviction relief. *Black* at ¶ 10, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). "Therefore, 'any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings.'" *Black* at ¶ 10, citing *State v. Segines*, 8th Dist. Cuyahoga No. 99789, 2013-Ohio-5259, ¶ 8, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶ 12} Although appellant pursued his postconviction petition pro se, counsel represented him at trial. Moreover, appellant had a different counsel for his direct appeal. Thus, appellant's direct appeal should have addressed the issue of ineffective assistance of counsel. S*ee State v. Vance*, 4th Dist. Jackson No. 16CA11, 2018-Ohio-1313.

{¶ 13} Accordingly, we overrule appellant's third assignment of error.

IV.

{¶ 14} In his fourth assignment of error, appellant asserts that the trial court abused its discretion by not granting his "motion for discovery, Crim.R. 16, Discovery and Inspection."

{¶ 15} This court has held that "[a] postconviction relief petitioner is not entitled to discovery to help the petitioner establish substantive grounds for relief." *State v. LaMar,* 4th Dist. Lawrence No. 98CA23, 2000 WL 297413 (March 17, 2003), *7. More recently, the Tenth District addressed this issue with respect to other appellate districts: "Ohio appellate courts, including this district, have routinely rejected granting postconviction relief petitioners the right to obtain discovery to help him or her establish substantive grounds for relief. *State v. Gulertekin*, 10th Dist. No. 99AP–900 (June 8, 2000). 'Ohio law is clear that discovery is not available in the initial stages of a postconviction proceeding.' *State v. Cunningham*, 3d Dist. No. 1–04–19, 2004–Ohio–5892, ¶ 69, citing *State v. Byrd*, 145 Ohio App.3d 318, 332 (1st Dist.2001)." *State v. Montgomery,* 10th Dist. Franklin No. 13AP-1091, 2015-Ohio-500 at ¶ 8. *Accord State v. Wesson*, 9t Dist. Summit No. 25874, 2012-Ohio-4495, ¶ 111.

{¶ 16} Accordingly, in the case sub judice appellant is not entitled to discovery during the initial stage of postconviction relief. Therefore, we overrule appellant's fourth assignment of error.

V.

{¶ 17} In his final assignment of error, appellant contends that the trial court abused its discretion "when it continued to rule with adverse rulings, even erroneous ones." Our review reveals that appellant has filed multiple pro se motions and, as the state observes, has failed to explicitly state which motion or motions he is addressing in his assignment of error. App. R. 12(A)(2) provides: "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App. R. 16(A)." App.R. 16(A) outlines the requirements for the appellant's brief, stating that it shall include:

\* \* \*

(3) A statement of the assignments of error presented for review, *with reference to the place in the record where each error is reflected*."

\* \* \*

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, *with citations to the authorities, statutes, and parts of the record on which appellant relies*. The argument may be preceded by a summary. (Emphasis added)

{¶ 18} Here, appellant asserts that the trial court would not rule on appellant's pro se motions "because he authored them." However, our review reveals that the trial court did, in fact, rule on appellant's motions and, as the state highlights, many of the filings are apparently questions for potential witnesses rather than actual motions. Thus, because appellant fails to adequately set forth a plausible argument, we overrule his final assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.   The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.   If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant fo file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 1 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.