[Cite as *State v. Vance*, 2018-Ohio-5344.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 18CA2 |
| vs. | : | |
| LEWIS J. VANCE, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Lewis J. Vance, Caldwell, Ohio, pro se.

Michael DeWine, Ohio Attorney General, and Christopher L. Kinsler, Assistant Ohio Attorney General, Columbus, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-17-18
ABELE, J.

{¶ 1} Lewis Vance, defendant below and appellant herein, appeals from the Jackson County Common Pleas Court June 12, 2018 resentencing following this court's remand.

{¶ 2} Appellant assigns three errors for review:

FIRST ASSIGNMENT OF ERROR:

"APPELLANT, LEWIS J. VANCE RAISED THE ISSUE OF HIS TRIAL COUNSEL, WILLIAM J. MOONEY #(0002729) AT THE RE-SENTENCING HEARING ON REMAND. ATTORNEY MOONEY WAS AGAIN UNPREPARED AND REFUSED TO ARGUE VANCE'S CASE. HE CONTINUED WITH HIS (ADVERSARIAL AND STRAINED COMMUNICATION) WITH VANCE. APPELLANT VANCE ASKS ATTORNEY MOONEY IN PHONE CONVERSATION

ON JUNE 29TH, 2018 TO FILE HIS APPEAL ON THE RE-SENTENCING REMAND. MOONEY REFUSED TO FILE VANCE'S APPEAL AND SAID HIS OFFICE DOES NOT FILE AFTER DEFENDING A CLIENT AT TRIAL. VANCE SHOWED WHERE ATTORNEY MOONEY FILED HIS DIRECT APPEAL ON DECEMBER 20TH, 2016 AFTER TELLING VANCE HE WILL NOT FILE THIS FOR HIM. APPELLANT, LEWIS J. VANCE AGAIN ASK (SIC) TRIAL COURT FOR NEW COUNSEL AT THAT REMAND HEARING. SIXTH AMENDMENT, UNITED STATES CONSTITUTION; ARTICLE I, SECTION 10, OHIO CONSTITUTION."

SECOND ASSIGNMENT OF ERROR:

"APPELLANT, LEWIS J. VANCE RAISED THE ISSUE OF THE SENTENCE IMPOSED BY THE TRIAL COURT FOR ITS EXCESSIVENESS AND UNCONSTITUTIONAL WRONG DOINGS. VANCE WAS REMANDED TO TRIAL COURT FOR ONE PART OF THE UNCONSTITUTIONAL ABUSE OF HIS SENTENCE AND THE CASE SHOULD AGAIN BE REVERSED AND REMANDED AS IT DOES NOT COMPORT WITH THE PURPOSES OF FELONY SENTENCING. FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; ARTICLE 1, SECTION 10, OHIO CONSTITUTION, R.C. 2929.11 AND SHOULD BE SUSTAINED AND REMANDED TO TRIAL COURT FOR THESE ISSUES."

THIRD ASSIGNMENT OF ERROR:

"TRIAL COURT AGAIN ABUSED ITS DISCRETION WHEN ON REMAND FOR RE-SENTENCING. VANCE WAS AGAIN DISCRIMINATED AGAINST AND TRIAL COURT USED BIAS (SIC) JUDGMENTS OF THE FACTS OF VANCE'S CASE. APPELLANT, LEWIS J. VANCE TRIED AGAIN TO HAVE COUNSEL AND TRIAL COURT REVIEW THE TIME IN WHICH HIS TRIAL LASTED, CASE NO. 14-CR-0118 AS PART OF THE ABUSE OF DISCRETION AND HIS DUE PROCESS RIGHTS ALONG WITH THESE OTHER ISSUES OF THIS ABUSE. VANCE'S NEW TRIAL, CRIM. R. 33 AND TRIAL COURT REFUSING HIM A HEARING. THERE WAS THE ABUSE OF THE JURY REQUEST VANCE MADE AT TRIAL FOR A NEW JURY, A HEARING WAS CONDUCTED IN ACCORDANCE WITH REMMER AND R.C. 2945.03 WHERE VANCE ASK FOR MEMBERS TO BE REMOVED AND PROBLEMS BEGAN WITH COUNSEL THERE ONCE AGAIN. ON AUGUST 10TH, 2018 IN A NOTICE OF THE TRANSITION OF THE RECORDS IT STATES THAT THE RECORD DID NOT CONTAIN A TRANSCRIPT. IN VANCE'S

CORRECTIONS OF THAT APPEAL HE DID ASK FOR A COMPLETE COPY OF THOSE TRANSCRIPTS FOR THE RECORDS. AGAIN AN ABUSE OF DISCRETION FROM THE TRIAL COURT. APPELLANT VANCE FILES (PRO SE), HE DOES NOT HAVE A COPY OF THE TRANSCRIPTS OF PROCEEDINGS OR OTHER REQUEST HE HAS MADE TO THE COURT OR COUNSEL FOR HIM TO FILE WITHIN HIS CASES. FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; ARTICLE I, SECTION 10, OHIO CONSTITUTION AND EIGHTH AMENDMENT, UNITED STATES CONSTITUTION, ARTICLE 1, SECTION 9 OHIO CONSTITUTION. TRIAL COURT CONTINUES TO RULE IN BAD FAITH ON VANCE'S REQUEST AND WITHIN HEARINGS WITH BIAS AND DISCRIMINATING JUDGMENTS."

{¶ 3} In 2016, a jury found appellant guilty of (1) aggravated murder in violation of R.C. 2903.01(D); (2) murder in violation of R.C. 2903.02(A); (3) murder, in violation of R.C. 2903.02(B)); (4) felonious assault in violation of R.C. 2903.11(A)(1); (5) felonious assault in violation of R.C. 2903.11(A)(2); and (6) tampering with evidence in violation of R.C. 2921.12(A)[1]. The jury also found appellant not guilty of (1) kidnapping in violation of R.C. 2905.01(A)(4); (2) abduction in violation of R.C. 2905.02(A)(2); (3) attempted rape in violation of R.C. 2923.02(A)/2907.02(A)(2); (4) abduction in violation of R.C. 2905.02(A)(2); and (5) kidnapping in violation of R.C. 2905.01(B)(2).

{¶ 4} The trial court sentenced appellant to serve life in prison without parole on count one (aggravated murder) and thirty-six months on count 9 (tampering with evidence), with the sentences to be served consecutively to one another. On direct appeal, this court affirmed in part, reversed in part, and remanded the cause for further proceedings. In particular, we remanded the matter to the trial court to properly impose postrelease control. More extensive facts are set forth in *State v. Vance*, 4th

---

[1] We take these facts from prior decisions in *State v. Vance*, 4th Dist. Jackson No. 16CA11, 2018-Ohio-1313, *State v. Vance*, 4th Dist. Jackson No. 17CA9, 2018-Ohio-4479, and *State v. Vance*, 4th Dist. Jackson No. 16CA11, 2018-Ohio-1313.

Dist. Jackson No. 16CA11, 2018-Ohio-1313, ¶ 2-20, *appeal not accepted*, 153 Ohio St.3d 1434, 2018-Ohio-2639, 101 N.E.3d 465.

{¶ 5} While his appeal was pending, appellant filed various pro se motions, including a pro se petition for postconviction relief on a pro se petition to vacate or set aside judgment of conviction or sentence and a pro se motion for expert assistance. The trial court denied the postconviction relief petition and indicated that (1) appellant did not attach materials in support of his petition, and (2) no substantive grounds exist for relief. In addition, on November 1, 2017 the trial court issued an entry that chronicled and denied all 21 of appellant's motions because the court either lacked jurisdiction to consider certain motions, some motions did not set forth a request that the court could grant, or some motions are nonsensical. Thus, the trial court denied the petition and found that appellant is not entitled to relief as provided in R.C. 2953.21. On October 29, 2018, this court affirmed the denial of appellant's postconviction relief petition. See *State v. Vance*, 4th Dist. Jackson No. 17CA9, 2018-Ohio-4479.

{¶ 6} On July 27, 2018, appellant filed a App.R. 26(B) pro se application to reopen his appeal. We declined to grant appellant's application because the application was untimely, failed to assign error and failed on the merits. See *State v. Vance*, 4th Dist. Jackson No. 16CA11, 2018-0hio-1313.

{¶ 7} On May 31, 2018, after remand, the trial court held a R.C. 2929.19 resentencing hearing with appellant represented by counsel. The court's order on resentencing reiterated the prior guilty verdicts and terms of imprisonment, but notified appellant of the optional three-year postrelease control term and placed on the record the trial court's reasoning for consecutive sentences. The court informed appellant that upon completion of the full sentence, he will serve a

five year mandatory period of postrelease control on count 1, and a discretionary period of three years of postrelease control on count 9 under the direction of the Adult Parole Authority. The court's order further indicated that a violation of postrelease control will result in a sanction of one-half of the sentence imposed and, should appellant commit a new felony while on postrelease control, the greater of the balance of the postrelease control time or one year would be imposed as an additional prison term. This appeal followed.

{¶ 8} As a preliminary matter, we observe that the record before us does not contain a transcript of the trial court's May 31, 2018 resentencing hearing. Although appellant filed a request for transcript, a notice of transmission of the record without a transcript was filed August 7, 2018. App.R. 9 provides the procedure to make a transcript a part of the record. This rule also provides alternatives if a transcript is not available. *See* App.R. 9(C),(D).

{¶ 9} It is important to understand that "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Thus, due to appellant's failure in the case sub judice to file a transcript of the resentencing hearing, we presume the regularity of that proceeding and affirm the trial court's judgment. See *State ex rel. Hoag v. Lucas Cty. Bd. of Elections*, 125 Ohio St.3d 49, 2010-Ohio-1629, 925 N.E.2d 984, ¶ 12, *citing Christy v. Summit Cty. Bd. of Elections*, 77 Ohio St.3d 35, 39, 671 N.E.2d 1 (1996); *State ex rel. Duncan v. Portage Cty. Bd. of Elections*, 115 Ohio St.3d 405, 2007-Ohio-5346, 875 N.E.2d 578, ¶ 17. Once again, appellant has the responsibility to provide the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary

to support the appellant's assignments of error.  *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409, 629 N.E.2d 500, 506 (9th Dist.1993); *Volodkevich v. Volodkevich*, 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238-1239 (9th Dist.1989).   He failed to do so, and we affirm the trial court's judgment.

{¶ 10} If moreover, we attempt to review appellant's assignments of error, we find no merit in his arguments.   In his first assignment of error, appellant appears to argue that he received ineffective assistance of counsel at the resentencing hearing and the trial court should have appointed new counsel.   The state responds that appellant cannot demonstrate that trial counsel was ineffective, or that counsel's performance affected the outcome of the resentencing hearing.   In order to establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.   *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) at 687.   In any case that presents an ineffectiveness claim, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."   *Id.* at 688.   Thus, to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation.   *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815,848 N.E.2d 810, ¶ 95.   Moreover, a court need not analyze both prongs of the *Strickland* test if a claim can be resolved under one prong.   *See State v. Madrigal* (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52, *State v. Clark*, 4th Dist. Pike No. 02CA684, 2003-Ohio-1707, ¶ 17.   Also, when determining whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."   *Strickland* at 689.   Therefore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial

strategy." *Id.* Because a properly licensed attorney is presumed to execute his duties in an ethical and competent manner, *State v. Taylor*, 4th Dist. Washington No. 07CA11, 2008-Ohio-482, ¶ 10, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were "so serious" that counsel failed to function "as the 'counsel' guaranteed * * * by the Sixth Amendment." *Strickland* at 687.

{¶ 11} Appellant contends that counsel was "unprepared and refused to argue Vance's case." Appellant also claims that communication between he and his attorney was "adversarial and strained." Appellant references his pro se App.R. 26(B) filing in which he alleged that both his trial counsel and appellate counsel were ineffective. As appellant indicates, "this petition was filed under App.R. 26(B) for both attorneys as insufficient counsel." We point out that this court previously decided these issues in *State v. Vance*, 4th Dist. Jackson No. 16CA11, 2018-Ohio-1313, in which we declined to grant appellant's application to reopen the appeal because the application (1) was untimely with no good cause shown, (2) failed to assign error, and (3) failed on the merits. Moreover, to the extent that appellant seeks further review of these issues, they are barred by res judicata. To the extent that appellant alleges that counsel rendered ineffective assistance at the resentencing hearing, once again we presume the regularity of the proceedings due to the omission of the resentencing transcript. Thus, we overrule appellant's first assignment of error.

{¶ 12} In his second assignment of error, appellant contends that his resentencing did not comport with the purposes of felony sentencing and should again be reversed and remanded. To the extent that appellant refers to his first sentencing hearing, this issue was raised and rejected in his first appeal. *See State v. Vance*, Jackson No. 16CA11, 2018-Ohio-1313, ¶ 38. To the extent that appellant refers to his resentencing hearing, he fails to specify how the court violated his rights on

remand. Our review of the sentencing entry after remand indicates that appellant's sentence comports with this court's order on remand. Accordingly, we overrule appellant's second assignment of error.

{¶ 13} In his last assignment of error, appellant argues that the trial court abused its discretion when "treating Vance with discriminating and bias judgments in his hearings and when on remand. Refusing him a hearing for the mitigation of his sentence and any request he might have requested from the trial court. The trial court used bad faith in the decisions in Vance's case, abusing his rights with an abuse of discretion."

{¶ 14} Again, these issues have been previously raised and rejected, or should have been raised on direct appeal and are now barred by res judicata.

{¶ 15} Accordingly, we overrule appellant's third assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 1 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the

stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.