[Cite as *State v. Barner*, 2021-Ohio-654.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case Nos. 19CA11 |
| | | 19CA12 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| DAVID A. BARNER, | : | |
| Defendant-Appellant. | : | **RELEASED 3/3/2021** |

_____

<u>APPEARANCES</u>:

James A. Anzelmo, Gahanna, Ohio, for appellant.

James K. Stanley, Meigs County Prosecutor, Pomeroy, Ohio, for appellee.
_____

Hess, J.

{¶1}     David A. Barner appeals the denial of his petition for postconviction relief in which he sought to vacate or set aside his judgment of conviction or sentence. In 2010, Barner was convicted on two counts each of pandering obscenity involving a minor, pandering sexually oriented matter involving a minor, and gross sexual imposition and sentenced to serve consecutive prison terms for a cumulative sentence of 19.5 years, with a community control sanction ordered to be served consecutive to the prison sentence.  Barner contends that his sentence is void because the trial court: (1) ordered consecutive prison terms without making the statutory findings under R.C. 2929.14(C)(4) and (2) ordered his community control to be served consecutive to his prison term without any statutory authority to do so.

{¶2}     We reject Barner's contentions because even if his arguments had merit, his sentence would be "voidable," not "void." Barner should have made his challenge

within the time period governing postconviction petitions or he must demonstrate the existence of facts necessary for the trial court to exercise jurisdiction over the merits of his untimely claim. His petition failed to do either. Consequently, we affirm the judgment of the trial court as modified to reflect the dismissal of his petition.

## I.  FACTS AND PROCEDURAL HISTORY

{¶3}    The Meigs County grand jury indicted Barner on two counts of pandering obscenity involving a minor, two counts of pandering sexually oriented matter involving a minor, two counts of sexual battery, and two counts of gross sexual imposition, Case No. 09-CR-003.  In a separate case, Case No. 09-CR-114, Barner was charged in a bill of information with one count of pandering obscenity involving a minor. The trial court entered a nolle prosequi on the sexual battery charges, and Barner pleaded guilty to the remaining charges.  The trial court merged the relevant counts and sentenced Barner, in Case No. 09-CR-114, to a prison term of eight years for pandering obscenity involving a minor, and, in Case No. 09-CR-003, to 18 months for the first count of pandering obscenity involving a minor, a five-year community control sanction for the second count of pandering obscenity involving a minor, and five years each on the two gross sexual imposition counts, all to be served consecutively for a total prison term of 19.5 years, with the community control sanction to be served consecutive to the prison term. Barner appealed but did not raise any purported sentencing errors and we affirmed the judgment. *State v. Barner,* 4th Dist. Meigs No. 10CA9, 2012-Ohio-4584.

{¶4}    In 2019, nine years after his conviction, Barner filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence in which he contended that the trial court did not comply with statutory requirements for imposing consecutive sentences. He

argued that he was denied the protections of R.C. 2929.14(C)(4) because the trial court did not make factual findings before imposing consecutive sentences. He claimed he "was told at sentencing that the law requiring the fact finding was no longer required" but in 2014 the Supreme Court of Ohio upheld the factual findings requirement in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. The trial court summarily found his petition "not well-taken" and denied it.  Barner appealed.

## II.  ASSIGNMENTS OF ERROR

{¶5}     Barner assigns the following errors for our review:

1.     The trial court erred by denying Barner's motion to vacate his sentences because the trial court unlawfully ordered Barner to serve consecutive sentences, in violation of his rights to due process, guaranteed by Section 10, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

2.     The trial court erred by denying Barner's motion to vacate his sentences because the trial court erred by ordering Barner to serve his prison sentences consecutive to his community control sentence, in violation of his rights to due process, guaranteed by Section 10, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

## III. STANDARD OF REVIEW

{¶6}     We review decisions granting or denying a postconviction relief petition under an abuse of discretion standard. *State v. Rinehart*, 4th Dist. Ross No. 17CA3606, 2018-Ohio-1261, ¶ 10. "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶ 58.  "A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable." *State v. Knauff*, 4th

Dist. Adams No. 13CA976, 2014–Ohio–308, ¶ 19, citing *Cullen v. State Farm Mut. Auto Ins. Co.*, 137 Ohio St.3d 373, 2013–Ohio–4733, 999 N.E.2d 614, ¶ 19.

## IV. SENTENCING CHALLENGES

{¶7}    Barner contends that the trial court failed to make findings under R.C. 2929.14(C)(4) when it ordered consecutive sentences[1] and that it erred when it ordered his community control sanction to be served consecutive to his prison term.  He argues that these purported sentencing errors make his sentence void and void sentences can be challenged at any time.

{¶8}    However, the law on void judgments has been recently clarified by the Supreme Court of Ohio.  When the trial court had both subject matter and personal jurisdiction, the trial court's judgment is voidable, not void. *See State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248 ("When a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal."). Barner does not contest the trial court's subject-matter or personal jurisdiction; the trial court had both subject matter and personal jurisdiction over his case. Thus, his sentencing challenges, if true, would make the trial court's judgment voidable, not void:

> The traditional rule long followed in Ohio is that a void judgment is one entered by a court lacking subject-matter jurisdiction over the case or personal jurisdiction over the parties. *See Harper*, —— Ohio St.3d ——, 2020-Ohio-2913, —— N.E.3d ——, at ¶ 4; *State v. Perry*, 10 Ohio St.2d 175, 178, 226 N.E.2d 104 (1967); *Ex parte Shaw*, 7 Ohio St. 81, 82 (1857); *Sheldon's Lessee v. Newton*, 3 Ohio St. 494, 499 (1854). When a

---

[1] The state correctly noted in its brief that, at the time Barner was sentenced in 2010, judicial fact finding was not required and R.C. 2929.14(C) had not yet been enacted.

case is within a court's subject-matter jurisdiction and the parties are properly before the court, any error in the exercise of its jurisdiction renders the court's judgment voidable, not void. *Harper* at ¶ 26; *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12. In general, a voidable judgment may be set aside only if successfully challenged on direct appeal. *Harper* at ¶ 26.

*State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608, ¶ 11; *State v. Henderson*, __Ohio St.3d___, 2020-Ohio-4784, __ N.E.3d___ (sentences based on an error are voidable, if the court imposing the sentence had jurisdiction over the case and the defendant, including sentences in which a trial court failed to impose a statutorily mandated term).

{¶9} Because Barner's sentencing challenges, if true, would render his sentence voidable, not void, he must file his postconviction petition within the 365-day time period set forth in R.C. 2953.21. R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." Barner's petition was untimely because it was filed over eight years after the expiration of this 365–day period. *State v. Rinehart*, 4th Dist. Ross No. 17CA3606, 2018-Ohio-1261, ¶ 13; *see, e.g., State v. Heid,* 4th Dist. Scioto No. 15CA3710, 2016–Ohio–2756, ¶ 15.

{¶10} R.C. 2953.23(A)(1) authorizes a trial court to address the merits of an untimely filed petition for postconviction relief only if: (1) the petitioner shows either that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief or that the United States Supreme Court recognized a new federal or state right that applies retroactively to him; and (2) the petitioner shows by clear and convincing evidence that no reasonable factfinder would have found him guilty

but for constitutional error at trial. Barner made no attempt to comply with R.C. 2953.23(A). Therefore, Barner did not establish that the trial court had the authority to address the merits of his untimely petition for postconviction relief. In the absence of jurisdiction, the trial court should have dismissed the petition, rather than denying it on the merits. Upon authority of App.R. 12(A)(1)(a), we modify the trial court's judgment to reflect the dismissal of the petition, and we affirm the judgment of the trial court as modified. *See State v. Rinehart* at ¶ 14-15; *State v. Osborn,* 4th Dist. No. 18CA1064, 2018-Ohio-3866, ¶ 12 (when defendant fails to argue the applicability of either exception under R.C. 2953.23(A), we do not apply an abuse of discretion standard, but conclude that the trial court lacked jurisdiction and modify the judgment pursuant to App.R. 12(A)(1)(a) to reflect the trial court's dismissal of the petition, rather than the denial of it).

{¶11} Additionally, Barner's second assignment of error challenging the community control sanction was not raised in his petition for postconviction relief and is being raised for the first time on appeal. It is well settled that appellate courts will not consider errors raised for the first time on appeal. *Osborn* at ¶ 15, citing *State v. Quarterman,* 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15.

{¶12} Finally, even if the trial court could entertain Barner's petition, the doctrine of res judicata bars his attempt to challenge his sentence. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248 (because Harper could have raised his sentencing challenges on appeal, it is barred by the doctrine of res judicata); *see also State v. Sowards*, 4th Dist. Gallia No. 18CA2, 2018-Ohio-4173, ¶ 29-31 ("a change in case law after a final judgment ordinarily does not prevent the application of res judicata" citing *State v. Moore,* 149 Ohio St.3d 557, 2016-Ohio-8288, 76 N.E.3d 1127, ¶ 97 which

held that "a new decision does not apply to convictions that were final when the decision was announced").

V. CONCLUSION

**{¶13}** Barner was not entitled to the relief requested in his untimely postconviction petition. His sentencing challenges, if meritorious, would render his sentence voidable, not void. The trial court lacked jurisdiction and should have dismissed his petition as untimely, rather than denied it as not well-taken. Having overruled the assignments of error, we affirm the trial court's judgment, as modified.

**JUDGMENT AFFIRMED AS MODIFIED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT AFFIRMED AS MODIFIED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
     Michael D. Hess, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**