[Cite as *State v. Barner*, 2022-Ohio-432.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case Nos. 19CA11 |
| | | 19CA12 |
| Plaintiff-Appellee, | : | |
| | | |
| v. | : | |
| | | <u>ENTRY DENYING APPLICATION FOR REOPENING OF APPEAL</u> |
| DAVID A. BARNER, | : | |
| | | |
| Defendant-Appellant. | : | **RELEASED 2/10/2022** |

HESS, J.,

**{¶1}** Appellant David A. Barner filed an application to reopen his appeal under App.R. 26(B) based on our decision and judgment entry affirming, as modified, the trial court's judgment dismissing his petition for postconviction relief. The state opposed the motion. We **DENY** his application because App.R. 26(B) does not provide for the reopening of an appeal from a petition for postconviction relief.

I. Procedural History

**{¶2}** The Meigs County grand jury indicted Barner on two counts of pandering obscenity involving a minor, two counts of pandering sexually oriented matter involving a minor, two counts of sexual battery, and two counts of gross sexual imposition, Case No. 09-CR-003. In a separate case, Case No. 09-CR-114, Barner was charged in a bill of information with one count of pandering obscenity involving a minor. The trial court entered a nolle prosequi on the sexual battery charges, and Barner pleaded guilty to the remaining charges. The trial court merged the relevant counts and sentenced Barner,

in Case No. 09-CR-114, to a prison term of eight years for pandering obscenity involving a minor, and, in Case No. 09-CR-003, to 18 months for the first count of pandering obscenity involving a minor, a five-year community control sanction for the second count of pandering obscenity involving a minor, and five years each on the two gross sexual imposition counts, all to be served consecutively for a total prison term of 19.5 years, with the community control sanction to be served consecutive to the prison term. Barner appealed but did not raise any purported sentencing errors and we affirmed the judgment. *State v. Barner*, 4th Dist. Meigs No. 10CA9, 2012-Ohio-4584.

**{¶3}** In 2019, nine years after his conviction, Barner filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence in which he contended that the trial court did not comply with statutory requirements for imposing consecutive sentences. He argued that he was denied the protections of R.C. 2929.14(C)(4) because the trial court did not make factual findings before imposing consecutive sentences. He claimed he "was told at sentencing that the law requiring the fact finding was no longer required" but in 2014 the Supreme Court of Ohio upheld the factual findings requirement in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. The trial court summarily found his petition "not well-taken" and denied it. Barner appealed and we affirmed the trial court's judgment, modified to reflect that the court should have dismissed the petition as untimely. *State v. Barner,* 4th Dist. Meigs Nos. 19CA11, 19CA12, 2021-Ohio-654.

**{¶4}** In December 2021, over nine months after we journalized our decision affirming the denial of his petition for postconviction relief, Barner filed a Motion to Reopen Appeal in Case Nos. 19CA11 and 19CA12.

## II. Legal Analysis

**{¶5}**   App.R. 26(B)(1) governs an application for reopening and provides:

> (1) A defendant in a criminal case may apply for reopening of the appeal from *the judgment of conviction and sentence*, based on a claim of ineffective assistance of counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from the journalization of the appellate judgment unless the application shows good cause for filing at a later time. (Emphasis added.)

**{¶6}**   Because Barner seeks to reopen his appeal from the trial court's denial of his petition for postconviction relief, and not an appeal from a judgment of conviction and sentence, no basis exists under App.R. 26(B) to reopen the appeal. *State v. Loomer*, 76 Ohio St.3d 398, 399, 1996-Ohio-59, 667 N.E.2d 1209 (App.R. 26(B) is clearly limited to appeals from the judgment of conviction and sentence); *State v. Smith*, 8th Dist. Cuyahoga No. 108727, 2021-Ohio-202; *State v. Bush,* 7th Dist. Mahoning No. 18MA0105, 2020-Ohio-1147, ¶ 3 ("App.R. 26(B) does not apply to post-judgment motions such as postconviction relief petitions"); *State v. Perotti*, 8th Dist. Cuyahoga No. 73743, 2005-Ohio-2175, ¶ 3 (an effort to reopen the appeal of a postconviction relief petition is beyond the scope of App.R. 26(B)).

**{¶7}**   Even if we were to construe Barner's application as one to reopen his original appeal from the judgment and conviction in Case No. 10CA9, Barner's application fails to comply with the requirements of App.R. 26(B)(1), among which are: (1) he does not raise a claim of ineffective assistance of appellate counsel; (2) the application was not filed within ninety days from the journalization of the 2012 appellate judgment; and (3) he has not made a showing of good cause for an untimely filing nearly a decade later.

**{¶8}**   Additionally, if we were to construe Barner's application as one for reconsideration under App.R. 26(A), it would likewise be untimely. An application for reconsideration must be made no later than ten days after the clerk has mailed the judgment and noted it on the docket. Under App.R. 14(B), an enlargement of this time "shall not be granted except on a showing of extraordinary circumstances," which Barner has failed to make.

**{¶9}**   Therefore, the application for reopening is denied.

**APPLICATION DENIED**. **IT IS SO ORDERED.**

Abele, J. & Wilkin, J.: Concur.

**FOR THE COURT**

_____
Michael D. Hess, Judge